BECKER *v.* HASTINGS and another.

*(Circuit Court, E. D. Pennsylvania.* May 5, 1884.)

PATENTS FOR INVENTIONS—CLAIMS—CONSTRUCTION—ENLARGING—REISSUE.
    Where a patent does not cover all that the inventor intended, he must surrender it, and obtain a reissue; for, where the language of the claim is plain, the court cannot by construction enlarge it.

In Equity.
*Henry Baldwin, Jr.,* for complainant.
*C. B. Collier,* for respondent.

BUTLER, J. The patent in suit is for "an improvement in hernial trusses." The inventor's object was to devise and provide a more ready and perfect means for adjusting the pad to the rupture. Trusses capable of adjustment, on either side of the person, were in use before the date of the patent. The complainant sought simply to render this adjustment easier and more perfect. The patent contains a single claim, in the following language:

"In a hernial truss, provided with a swinging joint for connecting the hernial pad, A, to the body band, B, for the purpose of rendering the truss readily adjustable for either the right or the left side of the person, as desirable, the combination with the pad, A, of the rotary stem, $a$, and its ratchet-toothed cylinder, $a''$, and spring lever, 12, constructed and arranged substantially as set forth, for the purpose of enabling the wearer of the truss to readily adjust and secure the position of the pad, A, so as to bear against either the right or left side of the rupture, or directly against the front of the same, as the wearer may desire, substantially as described."

This language, in view of the prior state of the art, confines the patent to the rotary stem, $a$, its ratchet-toothed cylinder $a''$, and the spring lever, 12, in combination with the ordinary hernial pad, connected with the body-band by a swinging joint, as previously used. Whether it might have been made broader, in view of the invention described in the specifications and drawings, we need not consider. The language of the claim is plain. The court cannot enlarge it by construction. If it fails to cover all the patentee intended to secure, his remedy was through recourse to the statute providing for reissues. Does the respondent employ the combination described? While he uses the rotary stem, he does not use the ratchet-toothed cylinder, nor the spring lever, the object of which two last-named elements is to secure the pad against backward motion on the stem, while it is left free to forward adjustment.

The respondent's set-screw, which rigidly locks the rotary stem, does not operate in the same manner as the ratchet-toothed cylinder and spring lever, nor produce the same, nor a similar, result. In this respect the respondent's truss fails in what is claimed to be an important effect of the complainant's combination. The screw cannot, therefore, be regarded as an equivalent for the ratchet-toothed cylin-

der and spring lever. The fact that in certain of the respondent's trusses the screw is used to force the projecting spikes of a spring down into the rotary stem, or a cylinder upon it, instead of being screwed down directly into or upon the rotary stem or cylinder, as in others, to accomplish the locking process, is esteemed unimportant. The result in each case is the same, and the manner of accomplishing it similar. It is unnecessary to pursue the subject further. The bill must be dismissed, with costs.

McKENNAN, J., concurs.